much trouble and expense, that these creditors never thought this great estate, as it is now supposed to be, worth looking after for seven-and-thirty years; that they should have abandoned it; that no one of them, or of the other numerous creditors of the bankrupt, would hazard the expenses of executing the commission, to put them in possession of this principality. The assignees appointed refused to take it into their care and management; would not accept the trust which all thought so worthless; nor did the creditors think it worth their time or money to appoint other assignees. I shall dismiss both the petitions.

---

MORRIS, In re. See Case No. 7,303.

---

## Case No. 9,826.

### MORRIS v. BARNEY.

[1 Cranch, C. C. 245.] [1]

Circuit Court, District of Columbia. July Term, 1805.

PLEADING AT LAW — AMENDMENT—MAKING NEW PARTIES.

The court will not permit an amendment making new parties.

Assumpsit by indorsees against the maker of a promissory note.

Mr. Caldwell, for plaintiff, moved to amend by adding the name of the payee of the note as plaintiff, for the use of Morris. This was done to avoid the allegation of the defendant that the words "or order" had been inserted by the payee after the note was made.

Refused by THE COURT; it being to make new parties.

---

## Case No. 9,827.

### MORRIS v. BARRETT et al.

[1 Fish. Pat. Cas. 461; 1 Bond, 254.] [2]

Circuit Court, S. D. Ohio. March, 1859.

PATENTS—CLAIM AND SPECIFICATIONS—TWO IMPROVEMENTS IN ONE PATENT—EVIDENCE—EXPERT—PRODUCTION OF MACHINE.

1. In the construction of a patent, the patentee is not to be confined to the summing-up or "claim," but the specification, the whole specification, and the drawings may be referred to, to ascertain the extent of the claim of the invention, or the proper meaning of expressions used in the "claim."

2. It is competent for the patentee to embrace two improvements on the same machine in the same patent, and if the defendant has used both or either of the improvements, there is infringement.

3. M. claimed "the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums," to prevent the wood from twisting. Held, that this was not a claim for the combination of clamps and levers, but for two distinct improvements in the art of bending wood.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel S. Fisher, Esq.; reprinted in 1 Bond, 254; and here republished by permission.]

4. A kind of evidence which is entitled to the highest credibility, is the machines themselves, as shown by the models, which, like figures, can not lie.

[Cited in Seymour v. Osborne, Case No. 12,688.]

5. The law permits the opinion of men, called experts, to be given in evidence, to determine questions of mechanical difference; and when such men are qualified, and free from bias, their testimony is entitled to great respect.

6. If the same result is produced by the defendant as by the patentee, but by means substantially different, there is no infringement, for a patent is not granted for a mere result; but otherwise, if the defendant produces the result by contrivances substantially the same in principle.

[See Crompton v. Belknap Mills, Case No. 3,406.]

This was an action on the case [by John C. Morris against Silas M. Barrett and Jabez M. Waters] tried before LEAVITT, District Judge, and a jury, to recover damages for the alleged infringement of letters patent for an "improvement in wood-bending machines," granted to plaintiff March 11, 1856. The machine consisted of a stationary form, around which timber was bent, by means of two levers, turning upon fixed fulcrums, and applied near the end of the timber. The timber to be bent was laid upon a metallic strap, having clamps or abutments attached to each end, which embraced the ends of the wood, and prevented any stretching of the fibers during the act of bending. These clamps were made to slide upon the levers as the wood was brought around the form. The claims of the patent were as follows: "I claim the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums, when in operation, all substantially as, and for the purposes, set forth in the foregoing specifications." The defendants substituted radial arms with rollers to press upon the back of the wood, and used clamps which permitted a partial relaxation or stretching of the fibers, at the commencement of the bending operation.

G. M. Lee and S. S. Fisher, for plaintiff.

Bates & Scarborough and W. B. Caldwell, for defendants.

LEAVITT, District Judge (charging jury). The plaintiff's patent is for an improvement in wood-bending machines, minutely described in the patent and specifications. In the conclusion or summing-up, he says: "I claim the clamps, 6 6, to prevent end-expansion, and the levers, 7 7, working on fixed fulcrums, when in operation, all substantially as, and for the purposes, set forth in the foregoing specifications." The practical purpose to be accomplished by these improvements he claims to be: 1. The clamps to prevent end-expansions; and 2. The levers working upon fixed fulcrums to prevent the wood from twisting. It was claimed in argument by defendants' counsel, that the plaintiff was confined, in construing his claim, to the summing-up; but the doctrine is well settled